UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

A.M.H., an individual,

      Plaintiff,                     CASE NO. 2:25-cv-472

v.                                JUDGE ALGENON L. MARBLEY

                                     MAGISTRATE JUDGE KIMBERLY A. JOLSON

BEST WESTERN INTERNATIONAL, INC.;

COLUMBUS HOTEL INC.;

RED ROOF INNS, INC.;
RED ROOF FRANCHISING, LLC.;

DJKS, INC.;

GAJANAND, LLC;

G6 HOSPITALITY FRANCHISING, LLC;

CHOICE HOTELS INTERNATIONAL, INC.;

DIVYA JYOTI LTD;

WYNDHAM HOTEL & RESORTS, INC.;
WYNDHAM WORLDWIDE;
WYNDHAM HOTEL GROUP, LLC; and

NORTHLAND HOTEL INC.

**JOINT STATUS REPORT**

Pursuant to the Court's Order dated April 21, 2026, the parties met and conferred on numerous occasions between April 21-26, 2026, via Zoom and email and phone calls and submit this Joint Status Report in advance of the April 30, 2026, in-person conference.  The following counsel will appear at that conference:

Steven Babin on behalf of Plaintiff;

1

Matthew Taulbee on behalf of Best Western International, Inc. ("BWI");

Steven Keslar on behalf of Columbus Hotel, Inc. and Northland Hotel Inc.;

Chelsea Mikula on behalf of Red Roof Inns, Inc. and Roof Franchising, LLC ("Red Roof");

Defendant DJKS, Inc. was recently served and have not yet filed any type of Motion or affirmative pleading. ("DJKS")

Defendant Gajanand, LLC was recently served and have not yet filed any type of Motion or affirmative pleading. ("Gajanand")

Bethany Biesenthal on behalf of G6 Hospitality Franchising, LLC;

Sara M. Turner on behalf of Choice Hotels International, Inc. ("Choice")

Divya Jyoti Ltd was served on April 20, 2026 and has not yet made an appearance.

Darryl Tarver on behalf of Wyndham Hotel & Resorts, Inc., Wyndham Worldwide, and Wyndham Hotel Group, LLC ("Wyndham")

## I.  Common Issues among the TVPRA Cases filed in this Court

The Parties agree that there are common legal issues among the TVPRA cases based on the statutory elements of a claim under Section 1595(a).  However, the cases are highly individualized, with case-specific legal issues and unique facts.  Each case is separate and distinct with respect to those issues and also involve substantially different facts because each plaintiff has alleged a separate trafficking venture over different periods of time and involving different properties, plaintiffs, witnesses, alleged traffickers, and brands that impact discovery and defense of the cases.

Defendant Choice also points to the procedural history with respect to the TVPRA cases pending before this Court as instructive as it relates to the possible need for individualized hearings

on certain issues pertaining to Defendant Choice.[1] This is so, in part, because each case pending against Defendant Choice involves a hotel that was individually owned and operated by a franchisee, giving rise to individualized issues and potentially sensitive information governed by the protective orders in each case. That being said, Defendant Choice recognizes the authority of this Court to "promote efficiency and avoid inconsistent rulings."

## II. Parties Categorization or Grouping of the TVPRA Cases file in this Court

All of the cases filed by Plaintiff's counsel were filed separately at different times. Thereafter, Plaintiff's counsel has attempted to group certain cases into tranches for purposes of case schedules based on the date of filing and the Plaintiff's counsel involved. This grouping can be helpful when considering the schedule for certain cases, but, because of amendments, motion practice, and other facts, some of the later filed cases are further along than the earlier filed cases.

Plaintiff's counsel also internally groups cases based on the parent company of the franchised brands involved (e.g., the Wyndham Defendants, Choice, G6, Red Roof, Best Western, and IHG) and whether the plaintiff was a minor or an adult at the time of the alleged trafficking. Defendants do not believe these groupings impact the management of any particular case.

Defendant Choice does not group cases in this manner and each of the cases pending with respect to Choice involve entirely separate independently owned and operated hotels located across the country, pertaining to different Plaintiffs, and individually alleged ventures.

## III. Summary of the Discovery Conducted to Date

<u>G6:</u> Over the past several months, Plaintiff and G6 have conferred regarding a discovery

---

[1] *See, e.g.*, *In re: Hotel Indus. Sex Trafficking Litig.*, 433 F. Supp. 3d 1353, 1356–57 (J.P.M.L. 2020); *In re: Hotel Indus. Sex Trafficking Litig. (No. II)*, 730 F. Supp. 3d 1360, 1363 (J.P.M.L. 2024); *T.D.P. v. Choice Hotels International, Inc.*, Case No. 2:22-cv-03837-ALM-KAJ, ECF No. 41, at 4, 7 (S.D. Ohio Apr. 21, 2024).

protocol to guide their discovery efforts the instant action as well as in *S.R.* (Case No. 2:23-CV-01731) *B.T.* (Case No. 2:24-CV-04147) *F.R.* (Case No. 2:24-CV-04164); *M.S.* (Case No. 2:24-CV-04011); *A.C.* (Case No. 2:25-cv-01097); *N.G.* (Case No. 2:25-cv-01092); *T.S.* (Case No. 2:25-cv-01099); *A.U.W* (Case No. 2:25-cv-01087). The Parties finalized their agreement this month. The Parties heavily negotiated and agreed-upon search terms and custodians.  The extensive discovery completed under the protocol will create numerous efficiencies going forward.  A copy of the final discovery protocol is included below at Appendix A.

Red Roof: To date, the Parties have conducted extensive written discovery and document production that will be utilized in this case. The Red Roof Defendants have produced the universal set of documents (>40,000 documents) and property specific documents based on heavily negotiated and agreed upon search terms and custodians that has been produced in all Southern District of Ohio cases involving Red Roof and Plaintiff's counsel, including this case.

BWI: Neither Plaintiff nor BWI have propounded written discovery demands upon the other.

Columbus Hotel: Columbus Hotel was recently named in this matter through Plaintiff's Second Amended Complaint. It intends to serve its own discovery requests upon Plaintiff. To date, no discovery has been issued by or to Columbus Hotel.

Northland Hotel: Northland Hotel will serve written discovery to Plaintiff. To date, no discovery has been issued by or to Northland Hotel.

The Wyndham Defendants:  The Wyndham Defendants have propounded written discovery requests on Plaintiff. Depositions have not yet commenced.

4

Choice: Choice has a Motion to Dismiss as to Plaintiff's Amended Complaint, which is fully briefed and pending (ECF No. 104). Neither Choice nor Plaintiff have propounded any discovery to one another.

**IV.      Summary of Anticipated Discovery Remaining**

The Parties agree that discovery is ongoing and does not have a deadline until March 1, 2027. (ECF No. 97.)

**V.      Pending Motions**

The Parties briefed and the Court resolved the first round of motions to dismiss.  There is a second round of motions currently pending and fully briefed before the Court based upon the Amended Complaint that was filed adding franchisees of BWI, Wyndham, Choice, and Red Roof and certain additional allegations.

BWI: BWI has a pending Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 91), which the Court has applied to Plaintiff's Second Amended Complaint (Doc. 151).

Columbus Hotel: None

Northland Hotel: None

The Wyndham Defendants:  The Wyndham Defendants' Motion to Dismiss the First Amended Complaint (Dkt. No. 90) remains pending, and the Court recently held it "will consider the pending Motions to Dismiss (Docs. 90, 91, 104, 135) as seeking to dismiss this Second Amended Complaint." Dkt. No. 151.

G6:  G6 Hospitality Franchising LLC's Motion to Dismiss (Dkt. No. 135) remains pending.

Choice:  Defendant Choice Hotels International, Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint. (ECF No. 104.)

**VI.      Readiness of the Case for Mediation and/or Previous Mediation Attempts**

Plaintiff and G6 are conferring regarding the prospect of private mediation and are available to provide additional information to the Court, if needed, during the in-person conference.

Plaintiff and Red Roof believe that mediation would not be fruitful at this juncture and that additional discovery, including expert discovery, is likely necessary before mediation will be productive.

BWI: No previous mediation attempts. No settlement demand from Plaintiff or settlement offer from Best Western International, Inc.

Columbus Hotel: Columbus Hotel believes additional discovery, including expert discovery, is likely necessary before mediation will be productive.

Northland Hotel: Northland Hotel believes additional discovery, including expert discovery, is likely necessary before mediation will be productive.

The Wyndham Defendants:  Plaintiff has not made a demand or specified the damages she is seeking, either globally or by Defendant, and the timing and amount of demands the Wyndham Defendants have varied dramatically between cases (in those cases in which a plaintiff makes a demand at all). Nevertheless, the Wyndham Defendants are open to mediation at any time, provided it includes the franchisees who owned and operated the hotels at issue and the franchisees' insurers, whose policies typically include the Wyndham Defendants as additional insureds.

Plaintiff and Choice believe that mediation would not be fruitful at this juncture and that a ruling on the pending Motion to Dismiss and certain additional discovery is likely necessary before mediation will be productive.

**VII.    Agenda Items for In-Person Conference on April 30, 2026**

Plaintiff and Red Roof believe that briefing and discussion on sealing and redactions is necessary given the disputes between the Parties on the definitions and scope of the protections and obligations under the Stipulated Protective Order. The Parties anticipate additional pre-trial motions that can be addressed at later status conferences. Plaintiff and Choice have not engaged any discussions or meeting and conferring with respect to the Stipulated Protective Order and Choice has not received copies of any briefing that may have been completed on this issue, but Choice may be similarly aligned with Red Roof after a review of the same.

**DATED: April 27, 2026**

Respectfully submitted,

**/s/ Steven C. Babin, Jr.**
Steven C. Babin, Jr. (0093584)
Penny L. Barrick (0074110)
Babin Law, LLC
10 W. Broad Street, Suite 900
Columbus, Ohio 43215
T: (614) 761-8800
steven.babin@babinlaws.com
penny.barrick@babinlaws.com

*Attorneys for the Plaintiff*

*/s/ Steven A. Keslar*
Steven A. Keslar (0090743) (Trial Attorney)
Rachael R. Kisner (0104953)
Gallagher Sharp LLP
35 North Fourth Street, Suite 200
Columbus, Ohio 43215
Telephone: (614) 340-2304
Fax: (614) 340-2301
Email: skeslar@gallaghersharp.com
rkisner@gallaghersharp.com
*Attorneys for Defendant Northland Hotel, Inc.*
*and Columbus Hotel, Inc.*

*/s/ Jennifer Snyder Heis*

7

Jennifer Snyder Heis (#0076181)
(Trial Attorney)
**UB GREENSFELDER LLP**
312 Walnut St., Suite 1400
Cincinnati, Ohio 45202
(513) 698-5058
jheis@ubglaw.com

*/s/ Sara M. Turner*
Sara M. Turner (admitted *pro hac*)
**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.**
1901 Sixth Avenue North, Suite 2600
Birmingham, Alabama 35203
(205) 250-8316
smturner@bakerdonelson.com

*Attorneys for Defendant Choice Hotels International, Inc.*

/s/ *Judd Uhl*
*Judd Uhl (0071370)*
*LEWIS BRISBOIS BISGAARD & SMITH LLP*
*250 East 5th Street, Suite 2000*
*Cincinnati, Ohio 045202*
*Telephone: 513.808.9913*
*Facsimile: 513.808.9912*
*Judd.Uhl@lewisbrisbois.com*

*/s/ Karen L. Campbell*
*Karen L. Campbell  (admitted pro hac vice)*
*LEWIS BRISBOIS BISGAARD & SMITH LLP*
*7 World Trade Center*
*250 Greenwich Street, 11th Floor*
*New York, New York 10007*
*Telephone: 212.232.1300*
*Facsimile: 212.232.1399*
*Karen.Campbell@lewisbrisbois.com*

*/s/ Corey Shulman*
*Corey L. Shulman  (admitted pro hac vice)*
*LEWIS BRISBOIS BISGAARD & SMITH LLP*
*7 World Trade Center*
*250 Greenwich Street, 11th Floor*
*New York, New York 10007*
*Telephone: 646.783.1720*
*Facsimile: 212.232.1399*

Corey.Shulman@lewisbrisbois.com
*Attorneys for Defendant*
Best Western International, Inc.

*/s/ Edward M. Carter  (by permission)*
Edward M. Carter (82673)
*Trial Attorney*
JONES DAY
325 John McConnell Blvd., Suite 600
Columbus, OH 43215
614-281-3906
Email: emcarter@jonesday.com

Bethany K. Biesenthal (*pro hac vice*)
JONES DAY
110 North Wacker Drive, Suite 4800
Chicago, IL 60606
312-269-4303
Email: bbiesenthal@jonesday.com

*Attorneys for Defendant G6 Hospitality Franchising LLC*

9

## Appendix A

## STIPULATED PROTOCOL REGARDING FACT DISCOVERY

### Applicability

1.      This Discovery Protocol applies in each case in which this Discovery Protocol is agreed upon by Defendants G6 Hospitality Property LLC and Motel 6 Operating, LP (collectively "G6 Defendants") and Plaintiff (collectively "the Parties"). In such cases, the Parties hereby stipulate and agree to the terms of this Stipulated Protocol Regarding Fact Discovery ("Discovery Protocol") as follows:

### Definitions

**Universal Production –** As defined in paragraph 3.

**Individual Case Production –** As defined in paragraph 3.

**Discovery Time Period –** For the Universal Production, 2008 to January 17, 2025.  For Individual Case Production, the period beginning two years prior to the start of the alleged trafficking period and ending two years following the conclusion of the alleged trafficking period at such Subject Property, as defined in paragraph 3.

**Social Media Accounts –** This includes all social media accounts, including but not limited to Facebook, TikTok, Snapchat, Instagram, OnlyFans, as well as accounts advertising for commercial sex and accounts on websites relating to commercial sex.

### Document Productions Made by G6 Defendants

2.      **Production of Previously Produced Documents:**   Without prejudice to G6 Defendants' objections to use and subject to Paragraph 18, G6 Defendants will agree to a limited lift of the protective order in *A.W. v. Red Roof Inns, et al.*, No. 2:21-cv-04934-ALM-EPD to permit documents that were previously produced in that case to be cross-designated for use in the above-

10

captioned case.

3. **Additional Document Collection, Review, and Production Parameters:** In addition to the documents produced in *A.W.,* for which G6 will consent to lift the protective order, G6 Defendants will search for documents not reviewed in *A.W. v. Red Roof Inns, et al.*, No. 2:21-cv-04934-ALM-EPD  from the available files of the following custodians:  Mark Van Beest, Sean Walker, and Adam Cannon and, upon entry of an appropriate protective order, produce and/or log responsive documents.  In addition, Plaintiff expressly reserves the right to move the Court for the production of documents from Rob Paschelli and Jim Amarosia.  The G6 Defendants agree to search for, and produce and/or log responsive information, from the following data sources: (1) all data sources with complaints and reviews (Medallia); and (2) all databases containing incident reports (NavEx, Riskonnect). The G6 Defendants will conduct the above searches of electronic data  using the Search Terms identified pursuant to Paragraph 4 and contained in Appendix A over the Discovery Time Period for the Universal Production.  These documents, together with the documents in Paragraph 2, shall consist of the "Universal Production" and shall be labeled with a "G6-HT" Bates prefix.  Without prejudice to G6 Defendants' objections to use and subject to Paragraph 18, G6 Defendants will agree to a limited lift of the protective order in the above-captioned case to permit documents that form part of the Universal Production to be cross-designated in subsequent cases in which a form of this agreement is entered.

In addition to the Universal Production, for each property alleged to be at issue in this case (each a "Subject Property"), for the period beginning two years prior to the start of the alleged trafficking period and ending two years following the conclusion of the alleged trafficking period at such Subject Property, the G6 Defendants will search, using the Search Terms identified pursuant to Paragraph 4 and contained in Appendix A, for documents not reviewed in *A.W. v. Red*

*Roof Inns, et al.*, No. 2:21-cv-04934-ALM-EPD from the available files of the following categories of custodians: (1) director of operations, regional director of operations, regional vice president, and vice president of operations for the Subject Property(ies); and (2) training director(s). The G6 Defendants further will search, using the Search Terms identified pursuant to Paragraph 4 and contained in Appendix A, for all communications not reviewed in *A.W. v. Red Roof Inns, et al.*, No. 2:21-cv-04934-ALM-EPD to or from the Subject Property's Motel 6 e-mail address.  The G6 Defendants will also perform a reasonable search of available electronic and hard copy data sources for the below categories of documents for each Subject Property for the period beginning two years prior to the start of the alleged trafficking period and ending two years following the conclusion of the alleged trafficking period at such Subject Property:

- Do not rent lists that relate to sex trafficking, commercial sex, or prostitution[2];

- investigative reports that relate to sex trafficking, commercial sex, or prostitution.

For each Subject Property, the G6 Defendants also will perform a reasonable search of available electronic and hard copy data sources for the below categories of documents within the respective alleged trafficking period:

- Franchise Agreement[3];
- Franchise disclosure documents[4];
- Quality assurance audits;
- Property improvement plan;
- Financial documents sufficient to show individual property revenue and overall performance of the location in comparison to others;

---

[2] The G6 Defendants reserve the right to redact any names that are not named the plaintiff(s), traffickers, or known associates, based on the names and identifying information provided by plaintiff's counsel.  The parties agree to confer in good faith on such redactions.  Should the parties reach an impasse, Plaintiff expressly reserves the right to petition the Court regarding such redactions.

[3] G6 will search for a franchise agreement only to the extent a Subject Property was franchised for a portion of the respective alleged trafficking period for such Subject Property.

[4] G6 will search for franchise disclosure documents only to the extent a Subject Property was franchised for a portion of the respective alleged trafficking period for such Subject Property.

12

- Stay Records in the property management system(s), using plaintiff's name, and/or the names of trafficker(s), affiliates or aliases used to book rooms and their various permutations for the subject property/ies, provided that plaintiff provides the full names of such individuals to be searched;

- Daily activity reports that correspond to Plaintiff, trafficker(s), affiliates or aliases' stays;

- Employee lists during relevant period including start date, end date, position, address on file, phone number on file, and name.

Upon entry of an appropriate protective order, the G6 Defendants shall produce or log responsive documents identified through a review of the aforementioned searches the G6 Defendants agree to perform in addition to the Universal Production, which production shall be referred to as the "Individual Case Production" and produced with a Bates prefix denoting the individual case.

4. **Search Terms:** G6 Defendants will use the search terms contained in **Appendix A** to search the files identified in Paragraph 3 and identify potentially responsive documents subject to review.

5. **Substantial Completion Date:** [**Note**: If the parties confirm agreement regarding the data sources and search terms for additional productions, G6 Defendants will work to provide a reasonable estimate for the substantial completion of the additional productions.]

6. **Privilege:** No later than 30 days after G6 Defendants' supplemental production of documents identified through searches contained in paragraph 3, G6 Defendants will produce to Plaintiff one privilege log, consistent with the Federal Rules, of withheld responsive documents identified through supplemental searches forming the Universal Production (but excluding documents that appear on the privilege log associated with the cross-designated production in *A.W. v. Red Roof Inns et. al.*, No. 2:21-cv-04934 ALM EPD) and a second privilege log, consistent with the Federal Rules, of withheld responsive documents identified through searches forming the Individual Case Production.  To the extent Plaintiff wishes to challenge any privilege designations

13

on the (i) Universal Production privilege log or the (ii) Individual Case Production privilege log, Plaintiff must do so no later than 45 days receiving the respective log. G6 Defendants must respond to Plaintiff's challenges no later than 45 days after receipt of such challenges. By written agreement, the parties may modify these timelines. G6 Defendants will not produce, and Plaintiff agrees not to challenge, the privilege log associated with the cross-designated production in *A.W. v. Red Roof Inns, et. al.*, No. 2:21-cv-04934 ALM EPD.

In subsequent cases in which a form of this agreement is entered, the G6 Defendants will produce only a privilege log associated with the Individual Case Production, and the above timelines for challenges to such log shall apply.

7. **Plaintiff's Document Production:** Plaintiff agrees to produce:

(a) All content from "social media accounts" that were active for a period of two years before the alleged trafficking period and two years after. With respects to OnlyFans social media accounts related to Plaintiff, Plaintiff agrees to identify whether any such account(s) exist and to preserve such account(s), and the parties agree to confer in good faith on the production of such account(s). Should the parties reach an impasse, G6 Defendants expressly reserve the right to move the Court for the production of OnlyFans account(s) related to Plaintiff.

(b) Documentation supporting her claim(s) for damages, including but not limited to medical records and invoicing for the same in her possession, and in the alternative agrees to sign releases for such records (copies of which are obtained will be shared with all parties);

(c) Relevant emails, voicemails, and text messages sent to and from Plaintiff during the alleged trafficking period.

14

(d) Documentary evidence of any alleged stays by Plaintiff at the subject properties.

(e) Plaintiff's criminal history.

(f) Any other relevant documentary evidence in Plaintiff's possession.

In addition to the above documentary evidence, Plaintiff agrees to identify all locations where alleged trafficking occurred; any past or present lawsuit related to alleged sex trafficking; and whether (apart from the instant lawsuit) Plaintiff has in the past obtained and/or is now seeking any settlements, restitution, and/or remission as a result of alleged sex trafficking.  Plaintiff also agrees to identify all bank accounts and/or other lines of credit held by or available to Plaintiff during the alleged trafficking period.  The parties agree to confer in good faith on the production of documents and/or the identification of information related to any of the aforementioned matters. Should the parties reach an impasse, G6 Defendants expressly reserve the right to move the Court for the production of such documents and/or information.

Plaintiff also agrees to execute all necessary authorizations to obtain documents relating to her relevant discoverable records as required under the Federal Rules of Civil Procedure.

8. **Independent Medical Examination:**  To the extent the facts and claims of the Action warrant, Plaintiff agrees to an Independent Medical Examination ("IME"). Each Party may engage a medical examiner to participate in one independent examination. The Examiners will work together to come to a mutually agreeable protocol for an examination of the Plaintiff. Defendant's retained Examiner will be permitted to exam Plaintiff first, independent of Plaintiff's Examiner. If Plaintiff's retained Examiner wishes to conduct his/her own independent examination, he/she may do so independent of Defendant's retained Examiner. The exam(s) will be conducted at a mutually agreeable date, time, and location.

9. **ESI Protocol:** To the extent an ESI protocol has not yet been agreed to by the

Parties, the Parties' production of documents and information will be done in accordance with the ESI Protocol (attached at **Appendix B** to this protocol).

10. This Discovery Protocol supersedes, and thereby moots, any and all Requests for Production served by Plaintiff on any of the G6 Defendants, the G6 Defendants' objections and responses to same, and any disputes between the Parties regarding same. This Discovery Protocol supersedes, and thereby moots, any and all Requests for Production served by any G6 Defendants on any of the Plaintiffs, the Plaintiffs' objections and responses to same, and any disputes between the Parties regarding same. The Parties agree that compliance with this Discovery Protocol satisfies such Party's discovery obligations as they relate to Federal Rule of Civil Procedure 34.

<u>**Depositions of G6 Defendants' Corporate Representatives and Fact Witnesses**</u>

11. **Rule 30(b)(6) Deposition**: The Parties agree that Plaintiffs in cases subject to this Discovery Protocol are entitled to one coordinated deposition of the G6 Defendants' corporate representative(s) pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure that will be coordinated amongst the cases in which this Discovery Protocol has been agreed to, and will cover the G6 Defendants' general corporate knowledge topics and for which only documents that form part of the Universal Case Production may be used as exhibits. Such deposition shall be limited to 14 hours of testimony (with each day's testimony limited to no more than 7 hours absent consent of witness and G6 Defendants' Counsel), exclusive of any re-direct examination by G6 Defendants' Counsel. The coordinated deposition will occur at a mutually agreeable date, time and location. In the event G6 Defendants' Counsel conducts a re-direct examination, Plaintiff's Counsel shall be granted additional time equal to the time used by G6 Defendants' Counsel to inquire further, so long as such further inquiry is limited to the scope of G6 Defendants' re-direct examination. The Parties agree that they will endeavor to complete the deposition 2 consecutive

16

days.

Plaintiff may be entitled to an additional 2.5 hour of 30(b)(6) deposition time for each of the cases in which this Discovery Protocol has been entered.  Such additional time is for the limited purpose of case- and property-specific topics.  The Parties will attempt to coordinate a single, combined deposition of such witness(es) for case- and property-specific topics at a mutually agreeable date, time and location, with case-specific demarcations stated on the record.

12.     **Fact Witnesses Who Have Not Been Deposed By Plaintiff's Counsel in HT Litigation:**  The Parties will endeavor to reach agreement on a reasonable limit of the number of G6 Defendants' current and former employees subject to deposition by Plaintiff pursuant to Rule 30 of the Federal Rules of Civil Procedure.  For depositions of G6 Defendants' current and former employees who have not yet been deposed by Plaintiff's counsel in HT Litigation, Plaintiff will attempt to coordinate across cases in which this Discovery Protocol has been agreed to take a single, combined deposition of such fact witnesses.   Such coordinated depositions are presumptively limited to seven hours, exclusive of any re-direct examination by G6 Defendants' Counsel, and such depositions will occur at a mutually agreeable date, time and location.  In the event G6 Defendants' Counsel conducts a re-direct examination, Plaintiff's Counsel shall be granted additional time equal to the time used by G6 Defendants' Counsel in inquire further, so long as such further inquiry is limited to the scope of G6 Defendants' re-direct examination.

13.     **Fact Witnesses Who Have Already Been Deposed By Plaintiff's Counsel in HT Litigation:**  G6 Defendants will make transcripts for a certain subset of agreed to witnesses who have already been deposed by Plaintiff's counsel in HT litigation (listed in **Appendix C** to this protocol) available to the Plaintiff(s) in cases where the Parties have agreed to enter this Discovery Protocol.  In exchange for the availability of such transcripts, the Parties agree that Plaintiff will

17

limit additional depositions of those individuals to 3.5 hours unless extraordinary circumstances warrant more time.

14. This Discovery Protocol supersedes, and thereby moots, any and all Notices of Deposition, served by Plaintiff on any of the G6 Defendants, as well as any current and former employees of the G6 Defendants, in the cases where this Discovery Protocol is entered.  As such, this Discovery Protocol also supersedes, and thereby moots any disputes between the Parties regarding same.  Plaintiff will serve amended deposition notices consistent with this Discovery Protocol.

## Expert Discovery

15. This Discovery Protocol does not address or otherwise apply to expert discovery.

## Reasonableness and Good Faith

16. All of the foregoing is subject to reasonableness and good faith.  To the extent a Party believes the circumstances of a specific case warrant modifications to this protocol, the Parties agree to confer on such issues in good faith.

17. To the extent the Parties cannot come to a good-faith compromise on any case-specific modifications, the Parties will propose a stipulated briefing schedule to the Court.  Any decision(s) by the Court in such disputed matter(s) will only apply to the matter(s) subject to the Parties' briefing of that issue, and this Discovery Protocol otherwise governs the discovery sought in cases where this Discovery Protocol has been agreed to.

## Objections Reserved

18. In stipulating to the foregoing, the Parties do not, in any way, waive their objections to the relevance or admissibility of any documents, exhibits, and testimony subject to this Discovery Protocol; to the contrary, the Parties preserve: (i) all objections as to competency,

18

relevance, materiality, and admissibility; and (ii) all rights to object on any ground to the use of any of documents, exhibits, and testimony subject to this protocol, or the subject matter thereof, in any action, including the trial or in any other proceeding. The Parties agree that this Discovery Protocol does not constitute in this or any other case evidence or an admission of relevance or admissibility of any documents, exhibits, or testimony subject to it nor to categories of documents, exhibits, or testimony for production in any other case. This Discovery Protocol shall not be used by any Party for any purpose other than to assert or defend against a violation of same in the above-captioned case(s).

Dated: April 23, 2026

/s/ *Steven C. Babin*
Steven C. Babin, Jr. (0093584)
*Trial Attorney*
Penny Barrick (0074110)
BABIN LAW, LLC
10 W Broad Street
Suite 900
Columbus, Ohio 43215
P: 614.761.8800
F. 614.706.1775
Steven.babin@babinlaws.com

*Counsel for Plaintiff*

By: /s/ *Edward M. Carter*
Edward M. Carter (082673)
*Trial Attorney*
JONES DAY
325 John H. McConnell Blvd., Suite 600
Columbus, Ohio 43215
(614) 281-3906
emcarter@jonesday.com

Bethany K. Biesenthal (*pro hac vice*)
JONES DAY
110 North Wacker Drive, Suite 4800
Chicago, Illinois 60606
(312) 269-4303
bbiesenthal@jonesday.com

Andrew J. Clopton (*pro hac vice*)
JONES DAY
150 W. Jefferson Ave., Suite 2100
Detroit, Michigan 48226
(313) 739-3939
aclopton@jonesday.com

*Counsel for Defendants*

**Certificate of Service**

The undersigned hereby certifies that on April 27, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Penny L. Barrick*
Penny L. Barrick (0074110)